Judge Owsley
delivered the opinion of the Court.
Litton purchased of Ezekiel Hopkins, sixty-six acres one rood and seventeen poles of land, at the price of thirty dollars per acre, received from Hopkins a conveyance thereof, and executed to Hopkins notes for two thirds of the purchase money; and at the same time, by a seperate writing, Litton covenanted “that if Susannah Hopkins, wife of said Ezekiel, died before her said husband, he the said Litton, would pay the said Ezekiel the balance of the purchase money, to-wit: six hundred and sixty-three dollars fifty cents, in the following manner, two hundred dollars the first day of January one thousand eight hundred and twenty-six, and two hundred dollars the first day of January one thousand eight hundred and twenty-seven, two hundred dollars tlie first day of January one thou *172 sand eight hundred and twenty-eight, and sixty-three dollars and fifty cents the first day of January one thousand eight hundred and twenty-nine; but should the said Susannah out live her said husband, as she will have her rigid of dower in said tract of land, the said Litton shall not pay any part of the above mentioned six hundred and sixty-three dollars.”
Declaration.
.Demurrer to declaration overruled, damages assessed, and judgment.
Action cannot be maintained on a covenant to pay so much money, the balance of the consideration of land conveyed by the coven-antee to the covenantor, on condition the coven-antee survive his wife, by averring she had rohn-quished her right of <iow-erin'theland, without a-vering defendant had accepted that, in lieu of her death —parties bargain as they please.
*172 Upon this w riling Hopkins brought his action at jaW} and in his declaration, without alleging the death of his wife Susannah, but avering that she had by deed, duly executed and acknowledged before the clerk of the county court of Bourbon county, relinquished her rigid of dower in the tract of land to Litton, assigned a breach of the covenant, in the failure of Litton to pay the two hundred dollars mentioned in the writing, on the first day of January, 1826.
To this declaration Litton demurred, and the demurrer being joined by Hopkins, was overruled by the cdurt. Litton failing to make further defence, a jury was called, and they having assessed damages to the amount of two hundred and four dollars, judgment was thereupon rendered in favor of Hopkins. To reverse that judgment this writ of error hag been prosecuted by Litton.
The demurrer to the declaration ought, we think, to have been sustained. By the writing upon which the action is founded, the two hundred dollars, in the non payment whereof the breach of covenant is assigned, was not to be paid by Litton, unless the wife of Hopkins should survive him. It was only in the event of the wife of Hopkins dieing before him, that Litton was to pay any part of the six hundred and sixty-three dollars- mentioned in his covenant, and it is therein expressly d'eelared that no part of that sum should be paid by Litton if she outlived her husband, The death of Mrs. Hopkins, in the lifetime of her husband, must therefore necessarily be a condition precedent to the payment of any part of the money covenanted to lie paid by Litton, and without an averment of his wife’s death, Hopkins’ declaration cannot be admitted to confute,
Crittenden, for plaintiff.
any cause of action. It is true there is contained in the declaration, an averment that Mrs. Hopkins has, in due and regular form, executed and acknowledged her relinquishment of dower in the land purchased by Litton, and from some expressions contained in the writing, upon which the action is founded, it was probably owing to the right of Mrs. Hopkins to dower in the land, that the covenant of Litton to pay the six hundred and sixty-three dollars was made to depend upon Mrs. Hopkins’ surviving her husband. But whatever may have been the inducement to the covenant, it was competent for the parties to contract upon their own terms, and having by the writing made the payment of the money by Litton, depend upon the fact of Mrs. Hopkins dicing before her husband, and not upon the fact of her relinquishing her right of dower, Hopkins can have no right to demand and have the money, though his wife may have thought proper to execute and acknowledge a relinquishment of her dower, unless that relinquishment was accepted by Litton, or unléss she died before him, neither of which, however, is alleged in the declaration.
The judgment must be reversed with costs, the cause remanded to the court below and judgment there entered in favor of Litton, on the demurrer, unless Hopkins shall so amend his declaration as to make it contain a good cause of action, conformable to the principles of this opinion.